UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES ALLEN REPINEC, | ) | |
| Plaintiff, | ) | Case No. 2:14-cv-01067-MMD-GWF |
| vs. | ) | **ORDER** |
| TODD FINCHER, et al., | ) | Application to Proceed *in Forma Pauperis* (#1) and Complaint (#1-1) |
| Defendants. | ) | |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on June 30, 2014. Plaintiff attached his Complaint (#1-1) to his application pursuant to 28 U.S.C. § 1915(a).

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, for violations of his Fourth Amendment right to be free from unreasonable search and seizure. Plaintiff alleges that on September 10, 2012, the Defendants, acting under color of law, wrongfully arrested him and transported him to the White Pine County Jail for suspicion of driving under the influence of a controlled substance. Plaintiff alleges that Defendant Fincher requested he consent to a blood withdrawal and upon refusal, Defendants tazed Plaintiff, physically restrained him, then proceeded to remove his blood by force. The results of the blood test were then used as evidence against Plaintiff, resulting in his imprisonment from the period of September 10, 2012 through July 10, 2014. Defendant Fincher allegedly cited Nevada's Implied Consent law as giving him the authority to draw Plaintiff's blood against his will. Plaintiff alleges, however, that on August 2, 2013, the Seventh Judicial District Court of Nevada ruled that the Nevada Implied Consent law, Nev. Rev.

1  Stat. § 484C.160, was unconstitutional.  Plaintiff requests monetary damages for loss of wages in
2  the amount of $42,240 for the twenty-two months he was incarcerated and $100 for each day of his
3  confinement totaling $66,900.00.  Plaintiff also requests damages for mental distress and pain in
4  suffering in the amount of $50,000.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that he is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

#### 1. Plaintiff's claims under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution.  *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).  Where a § 1983 action seeking damages alleges constitutional violations

that would necessarily imply the invalidity of the plaintiff's criminal conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). The Supreme Court later clarified that *Heck*'s principle (also known as the "favorable termination" rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of an underlying conviction or a prison disciplinary sanction. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007) (explaining that the "sole dispositive question is whether a plaintiff's claim, if successful, would imply the invalidity of [the plaintiff's] conviction."); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (concluding that § 1983 claim was not cognizable because allegation of procedural defect would result in an automatic reversal of the prison disciplinary sanction.); *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim.)

If the district court determines that a plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against plaintiff, then the action should be allowed to proceed, in absence of some other bar to suit. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the plaintiff's conviction so long as success in the suit will not necessarily imply that plaintiff's conviction was unlawful. *Id*. In *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), the Supreme Court held that if a state prisoner seeking only damages "is attacking something other than the fact or length of ... confinement, and ... is seeking something other than immediate or more speedy release[.] ... a damages action by a state prisoner could be brought under [§ 1983] in federal court without any requirement of prior exhaustion of state remedies." *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that he was seized. *See Graham v. Connor*, 490 U.S. 386, 388 (1989). Next he must show that he suffered (1) an injury that (2) resulted directly and only from the use of force that was

excessive to the need and that (3) the force used was objectively unreasonable. *See Goodson v. City of Corpus Christi,* 202 F.3d 730, 740 (5th Cir. 2000). *See also Belch v. Las Vegas Metropolitan Police Dept.*, WL 4610803, (D.Nev. 2012). Here, Plaintiff alleged that he was seized and that the excessive force used was unreasonable. He failed to plead, however, that he was injured by the excessive use of force other than to allege that he was unjustly incarcerated. Therefore the Court is unsure whether Plaintiff intended to bring a § 1983 claim for excessive force. Plaintiff's claim for damages for lost wages due to his incarceration cannot be pursued unless and until his underlying conviction is invalidated. Plaintiff also seeks damages for mental distress and pain and suffering. Plaintiff may pursue this damage claim to the extent it is based on the alleged use of excessive force. He cannot recover general damages for mental distress or pain and suffering resulting from his underlying conviction, however, unless that conviction is first invalidated.

Because Plaintiff's complaint is ambiguous and appears to assert a claim that implies the invalidity of Plaintiff's underlying conviction, the Court will dismiss it without prejudice. The Court will grant Plaintiff leave to amend his complaint in accordance with the above discussion to assert a claim for relief based on the alleged use of excessive force in violation of the Fourth Amendment. In the event Plaintiff elects to proceed in this matter by filing an amended complaint, he is informed that the Court cannot refer to a prior pleading to make his amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supercedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of

1 security therefor.  This Order granting *in forma pauperis* status shall not extend to the issuance of
2 subpoenas at government expense.
3  **IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada
4 Department of Corrections shall pay to the Clerk of the United States District Court, District of
5 Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #1003943), in the
6 months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action.
7 The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office.
8 The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for
9 the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.
10  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint
11 (#1-1).
12  **IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed**, without prejudice,
13 with leave to amend.  Plaintiff shall have thirty days from the date of this order to file his amended
14 complaint in accordance with the discussion above.  Plaintiff is advised that failing to do so may
15 result in the dismissal of this action for failing to comply with a Court order pursuant to Fed. R.
16 Civ. P. 41(b).
17  DATED this 8th day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge