1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                         **DISTRICT OF NEVADA**
6
7   JAMES ALLEN REPINEC,                    )
8                        Plaintiff,         )        Case No. 2:14-cv-01067-MMD-GWF
                                            )
9   vs.                                     )
                                            )        **ORDER**
10                                          )
11  TODD FINCHER, et al.,                   )
                                            )        Screening Amended Complaint (#4)
12                       Defendants.        )
    _____)

13          This matter comes before the Court on the screening of Plaintiff's Amended Complaint (#4)

14   pursuant to 28 U.S.C. § 1915, filed on July 24, 2014.  Plaintiff's request to proceed *in forma*

15   *pauperis* was previously granted on July 8, 2014.  *See* Order (#2).

16                              **BACKGROUND**

17          Plaintiff brings this action pursuant to 42 U.S.C. § 1983, for violations of his Fourth

18   Amendment right to be free from unreasonable search and seizure.  Plaintiff alleges that on

19   September 10, 2012, the Defendants, acting under color of law, arrested him and transported him to

20   the White Pine County Jail for suspicion of driving under the influence of a controlled substance.

21   Plaintiff alleges that Defendant Fincher requested he consent to a blood withdrawal and upon

22   refusal, Defendant Cessford kept him in a choke hold while Defendants Robinson and Brewer

23   struck his body.  Once placed in the restraint chair, Plaintiff alleges that Defendant Fincher used his

24   baton as a pry bar to force Plaintiff's arm into position so that Defendant Stratton could forcefully

25   take his blood against his will.  As a result of the excessive force, Plaintiff alleges that he received

26   several bruises, muscle pains, neck pain and an "extremely painful infection" that resulted in a scar

27   at the site penetrated by Nurse Stratton's needle.  Plaintiff seeks monetary and punitive damages in

28   the amount of $50,350.00 for pain and suffering, mental distress, and the court filing fee.

**DISCUSSION**

**I.      Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**2.      Plaintiff's claims under 42 U.S.C. § 1983**

42 U.S.C. § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution.  *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995).  Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

State officials sued in their official capacity for damages are not persons for purposes of § 1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997).  Official-suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).  Therefore, in an official-capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official is an agent was the moving force behind the violation.  *Id*.

State officials sued in their personal capacity are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Personal-capacity suits seek to impose personal liability upon a government official for actions the official takes under color of state law. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be demonstrated by showing that the official caused the alleged constitutional injury. *See Id*. at 166. The official in a personal-capacity suit may, depending upon the facts, be able to establish immunity from claims for damages. *See Id*. at 166-67. Police officers are not entitled to absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 418-19 (1976).

A defendant has acted under color of state law where he or she has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Even if the deprivation represents an abuse of authority or lies outside the authority of the official, if the official is acting within the scope of his or her employment, the person is still acting under color of state law. *See Anderson v. Warner*, 451 F.3d 1063, 1068-69 (9th Cir. 2006).

Here, Plaintiff brings this action against Defendants Todd Fincher, a Sergeant with the White Pine's Sheriff's Department, James Robinson, a Deputy with the White Pine's Sheriff's Department, Chris Brewer, a DPS Sergeant with the Nevada Highway Patrol, John Cessford, a DPS Detective with the Nevada Highway Patrol, and Joanne Stratton, a Registered Nurse with White Pine County, in their official and personal capacities. He alleges that the defendants, all of whom are state or local government employees, violated his Fourth Amendment right to be free from unreasonable search and seizure by exercising the power they possessed by virtue of the authority granted them by state or local laws to remove his blood to use as evidence, without his consent, by using excessive force. Plaintiff therefore plead sufficient facts to state a claim for relief in a personal-capacity suit pursuant to 42 U.S.C. § 1983.

Plaintiff will not be permitted to proceed with his official-capacity suit at this time because officials sued in their official capacity for damages are not persons for purposes of § 1983 and Plaintiff failed to plead that a policy or custom of the governmental entities of which the officials were agents was the moving force behind the violation. Plaintiff will be given leave to amend his

3

1    Complaint if he can allege the requisite facts indicated above to proceed with his official-capacity

2    claims against the defendants.

3            **2.**      **Plaintiff's Fourth Amendment Excessive Force Claim**

4           Section 1983 is not itself a source of substantive rights, but merely provides a method for

5    vindicating federal rights elsewhere conferred. *See Graham v. Connor*, 490 U.S. 386, 393-94

6    (1989).  Where a § 1983 action seeking damages alleges constitutional violations that would

7    necessarily imply the invalidity of the plaintiff's criminal conviction or sentence, the plaintiff must

8    establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas

9    petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

10   The Supreme Court later clarified that *Heck*'s principle (also known as the "favorable termination"

11   rule) applies regardless of the form of remedy sought, if the § 1983 action implicates the validity of

12   an underlying conviction or a prison disciplinary sanction. *See Edwards v. Balisok*, 520 U.S. 641,

13   646-48 (1997); *see also Whitaker v. Garcetti*, 486 F.3d 572, 583-85 (9th Cir. 2007) (explaining that

14   the "sole dispositive question is whether a plaintiff's claim, if successful, would imply the

15   invalidity of [the plaintiff's] conviction."); *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997)

16   (concluding that § 1983 claim was not cognizable because allegation of procedural defect would

17   result in an automatic reversal of the prison disciplinary sanction.); *Heck v. Humphrey*, 512 U.S.

18   477, 483-87 (1994) (concluding that § 1983 claim was not cognizable because allegations were

19   akin to malicious prosecution claim.)

20          If the district court determines that a plaintiff's action, even if successful, will not

21   demonstrate the invalidity of any outstanding criminal judgment against plaintiff, then the action

22   should be allowed to proceed, in absence of some other bar to suit. *See Heck v. Humphrey*, 512

23   U.S. 477, 487  (1994).  Thus, a suit for damages attributable to an allegedly unreasonable search

24   may lie even if the challenged search produced evidence that was introduced in a state criminal trial

25   resulting in the plaintiff's conviction so long as success in the suit will not necessarily imply that

26   plaintiff's conviction was unlawful. *Id*.  In *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973), the

27   Supreme Court held that if a state prisoner seeking only damages "is attacking something other

28   than the fact or length of ... confinement, and ... is seeking something other than immediate or more

speedy release[.] ... a damages action by a state prisoner could be brought under [§ 1983] in federal court without any requirement of prior exhaustion of state remedies." *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).

To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that he was seized. *See Graham v. Connor*, 490 U.S. 386, 388 (1989).  Next he must show that he suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). *See also Belch v. Las Vegas Metropolitan Police Dept.*, WL 4610803, (D.Nev. 2012).

Here, Plaintiff alleged that he was seized and suffered physical injuries resulting directly from the defendants' use of force that was excessive to the need and unreasonable under the circumstances.  Further, if successful, Plaintiff's complaint will not necessarily imply the invalidity of Plaintiff's conviction.  Plaintiff's amended complaint therefore alleges sufficient facts to state a claim upon which relief can be granted.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (#4) may proceed as to the claims against the defendants in their personal capacity.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to Defendants named in the complaint and deliver the summons to the U.S. Marshal for service.  The Clerk of the Court shall send the required USM-285 forms to Plaintiff.  Plaintiff shall have twenty (20) days to furnish the required USM-285 forms to the U.S. Marshal at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas, Nevada  89101.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, he has twenty (20) days to file a notice with the court identifying if Defendants were served.  If Plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address and indicating whether some other manner of service should be used.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

1

**IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or

2

their attorney if they have retained one, a copy of every pleading, motion, or other document

3

submitted for consideration by the court.  Plaintiff shall include with the original paper submitted

4

for filing a certificate stating the date that a true and correct copy of the document was mailed to

5

Defendants or their counsel.  The Court may disregard any paper received by a district judge,

6

magistrate judge, or the Clerk which fails to include a certificate of service.

7

**IT IS FURTHER ORDERED** that Plaintiff's claims against the defendants in their

8

official-capacity are **dismissed**, without prejudice, with leave to amend.  Plaintiff shall have until

9

**September 1, 2014** to file an amended complaint correcting the noted deficiencies if he wishes to

10

proceed with his official-capacity suit against the defendants.

11

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed

12

that the court cannot refer to a prior pleading in order to make his amended complaint complete.

13

Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any

14

prior pleading.  This is because, as a general rule, an amended complaint supersedes the original

15

complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended

16

complaint, the original pleading no longer serves any function in the case.  Therefore, in an

17

amended complaint, as in an original complaint, each claim and the involvement of each defendant

18

must be sufficiently alleged.

19

DATED this 31st day of July, 2014.

20

21

GEORGE FOLEY, JR.

22

United States Magistrate Judge

23

24

25

26

27

28

6